UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL DOCKET NO.  3:05-cr-30029 |
|---|---|
| | CIVIL DOCKET NO.  3:07-cv-0861 |
| VS. | JUDGE JAMES |
| WALTER J. WATERS, JR. | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the court is a *pro se* pleading filed on May 21, 2007, by petitioner Walter J. Waters, Jr.  In this pleading, petitioner implies that he is entitled to a court order directing the United States to take him into custody for the purpose of serving his federal sentence.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DENIED AND DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

Waters was charged in this court with various drug-related charges; on May 19, 2006, he pled guilty to one count of Conspiracy to Distribute Schedule II Narcotics. [3:05-cr-30029 docs. 40-41] On September 20, 2006, he was committed to the custody of the federal Bureau of Prisons for a term of 70 months. [3:05-cr-30029 docs. 50 and 52]

Petitioner was also charged with various drug-related offenses in Louisiana's Fourth Judicial District Court, Ouachita Parish. On November 6, 2006, he pled guilty to three counts of

1

possession or possession with intent to distribute schedule I and II drugs. He was sentenced to serve concurrent five year sentences. The Louisiana court ordered the sentences to be served consecutive to the sentence imposed in this court. See *State of Louisiana v. Walter J. Waters, Jr.*, No. 06-F-001311, Fourth Judicial District Court, Ouachita Parish.

On May 21, 2007, petitioner filed the instant pleading utilizing the form provided to federal prisoners for filing motions to vacate pursuant to 28 U.S.C. §2255. [3:05-cr-30029 doc. 59-1; 3:07-cv-0861 doc. 1] In this pleading petitioner claims that he " ... was illegally sentenced....", and, in support of this claim he alleges, " On [September 20, 2006] petitioner was sentenced to 70 months in the custody of the U.S. Marshals. This sentence was imposed by this Honorable Court on the above date. Petitioner was later turned over to local authority pending conviction or dismissal of charges pending with Ouachita Parish. The pending charges were settled on November 6, 2006 however <u>petitioner remains in state custody and hasn't been taken back into U.S. Marshal custody pursuant to his sentence in federal court</u>..." [*id.*, paragraph 12(A); emphasis supplied]

### *Law and Analysis*

Upon initial review, the undersigned concluded that petitioner was seeking *habeas corpus* relief pursuant to 28 U.S.C. §2241 and not relief pursuant to 28 U.S.C. §2255. It is noted that while petitioner claims that he was "illegally sentenced" his pleading actually attacks the manner in which his sentence is being executed. (Section 2241 is generally used to challenge the <u>manner</u> in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the <u>legality of their convictions or sentences</u>. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d

1111, 1113 (5th Cir.1990).)

Here, petitioner attacks the *place* of his incarceration. As such, petitioner lacks standing. He has no constitutionally protected right to be incarcerated in any particular prison system. *Olim v. Wakinekona*, 461 U.S. 238, 245, 247-48, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Petitioner has been sentenced by two sovereigns – the State of Louisiana and the United States of America. Where he serves his sentences is a matter for those two sovereigns to decide. *Simpson v. Cockrell*, 273 F.3d 1100 (5th Cir. 2001), citing *United States v. McCrary*, 220 F.3d 868, 870-71 (8th Cir. 2000).

Petitioner was committed to the custody of the United States by the United States District Court. If the United States should thereafter require him to serve his entire federal sentence in the custody of the State of Louisiana, that decision would be within the purview of the two sovereigns. The Federal Bureau of Prisons has clear statutory authority to make this kind of decision. See 18 U.S.C. § 3621(b), which provides, in pertinent part: "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. <u>The Bureau may designate any available penal or correctional facility</u> that meets minimum standards of health and habitability established by the Bureau, <u>whether maintained by the Federal Government or otherwise</u>..." (Emphasis supplied.). Thus, even if Petitioner were now serving his federal sentence, which the record shows that he is not, he would have no basis for his current claim.

Petitioner is eligible for federal habeas corpus relief only on the grounds that his custody is in violation of the Constitution and laws of the United States. [See 28 U.S.C. §§ 2241 and 2254] Petitioner has made no such showing and therefore his petition fails to state a claim for which relief may be granted. Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 23rd day of May, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE